[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

No. 08-10375
Non-Argument Calendar

_____

Agency No. A94-867-288

DIEGO ARMANDO MUNOZ GUTIERREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 3, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

The issue presented in this appeal is whether the BIA abused its discretion in denying Diego Armando Munoz Gutierrez's motion for reconsideration of the BIA's dismissal of his appeal from a removal order.

**Background**

Gutierrez, a native and citizen of Colombia, entered the United States on a non-immigrant visa and remained beyond the expiration period. He was charged with removability under 8 U.S.C. § 1227(a)(1)(B). He conceded the allegations and was permitted to voluntarily depart.

Thereafter, Gutierrez moved to reopen removal proceedings and requested a stay of removal. The IJ denied both motions in orders dated June 12, 2007. The IJ was based in Virginia and faxed the orders to the immigration court in Florida on that date. The following day, the decisions were mailed to Gutierrez and the certificate of service was dated June 13, 2007. A notation on the order denying the motion for a stay indicated that any appeal was due by July 16, 2007. There was no similar notation on the order denying the motion to reopen.

Gutierrez appealed to the BIA, which received the appeal on July 16, 2007. The regulations provide that the notice of appeal to the BIA "shall be filed directly with the Board of Immigration Appeals within 30 calendar days after . . . the *mailing* of an Immigration Judge's written decision. If the final date for filing

2

falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day." 8 C.F.R. § 1003.38(b) (emphasis added); see also BIA Practice Manual, §§ 3.1(b)(ii), 4.5(a). The BIA then dismissed the appeal as untimely, concluding that because the certificate of service was dated on June 13, the IJ's decision was "mailed" on June 13; thus, the appeal was due by July 13.

Gutierrez filed a motion for reconsideration, asserting that the IJ's decision was postmarked on June 14, and that, therefore, June 14 was the date of mailing for purposes of triggering the 30-day clock. According to Gutierrez, 30 days from that day was July 14, but because July 14 was a Saturday, the appeal was due the next business day, July 16.

The BIA denied the motion for reconsideration, concluding that there was no basis for reconsidering the previous decision and noting that Gutierrez offered no BIA or circuit precedent to support his argument.

**Discussion**

Gutierrez acknowledges that he only had 30 days from the *mailing* of the IJ's orders to appeal. He contends, however, that the clock began the day the orders were postmarked, not the day on the certificate of service.[1]

---

[1] Gutierrez also argues, alternatively, that the IJ mislead him as to the due date because the IJ noted on the order denying the stay that the appeal was due by July 16. Gutierrez failed to raise this argument to the BIA; it is, therefore, improper before this court. See Lonyem v. U.S. Att'y Gen.,

This court reviews the BIA's denial of a motion to reconsider for abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). Review of the BIA's decision is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). A reviewing court must defer to an agency's decision if the agency has made a reasonable interpretation of its own regulations. McHenry v. Bond, 668 F.2d 1185, 1195 (11th Cir. 1982).

Additionally, "[a] motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

Here, the BIA did not abuse its discretion. In his motion, Gutierrez did not have any binding legal authority to support his argument that the date of the postmark was the triggering date for computing his 30-day window to file the appeal. Nor does he cite any such law on appeal. The regulations provide that the notice of appeal to the BIA "shall be filed directly with the Board of Immigration Appeals within 30 calendar days after . . . the mailing of an Immigration Judge's

352 F.3d 1338, 1341 n.5 (11th Cir. 2003).

4

written decision." 8 C.F.R. § 1003.38(b). The BIA considered its own rule and determined that the date of mailing was determined by the certificate of service, not the post-mark date. The BIA's determination was reasonable. Gutierrez fails to show an abuse of discretion.

Accordingly, we **DENY** the petition.